UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA GABALDON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BROWN, et al.,<br><br>    Defendants. | No. 1:20-cv-1443-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 17) |

Plaintiff Linda Gabaldon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 4, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's case be dismissed due to her failure to state a claim upon which relief may be granted, failure to comply with a court order, and failure to prosecute the case. (Doc. No. 13.) Plaintiff filed no objections.

On January 21, 2021, the undersigned adopted those findings and recommendations in full and dismissed the case due to plaintiff's failure to prosecute and failure to comply with a court order. (Doc. No. 15.) On March 29, 2021, plaintiff filed a motion to reopen her case, which the undersigned interprets as a motion for reconsideration of the January 21, 2021 order adopting the magistrate judge's findings and recommendations and dismissing this case due to plaintiff's

1

failure to prosecute and failure to comply with a court order . (Doc. No. 17.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In her motion for reconsideration, plaintiff appears to assert that she could not respond to the findings and recommendations because the prison where she is incarcerated was locked down due to the Covid-19 pandemic. (Doc. No. 17.) Additionally, plaintiff states that she is working

alone on her case and suffers from depression, which hinders her ability to do more on her case. The court is sympathetic to the difficulties caused by the Covd-19 pandemic as well as to the personal difficulties plaintiff is suffering. Nevertheless, plaintiff never filed a signed complaint in this action and there is no pleading on file in which plaintiff sets forth any claims. Thus, the court has no basis upon which to re-open this case.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 17) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: **May 17, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE